To: The Honorable Vaughn R. Walker,
United States District Chief Judge.

January 28th, 2008

Re: Illegal Imprisonment,

CV 08    0964

Your Honor Sir,

My name is Lawrence E. Dash, CDC# F-49769. I am a prisoner here at Folsom State Prison, Represa, California. I have a legal situation that I am not sure as to how to go about getting some legal relief.

I claim to allege two (2) essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person, or persons acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state

(1)

A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEK MONETARY RELIEF FROM A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF. *Id.* at 1915A(b)(1), (2).

TO STATE A CLAIM A PLAINTIFF MUST SHOW A SPECIFIC CONSTITUTIONAL OR FEDERAL GUARANTEE SAFEGUARDING THE INTERESTS THAT HAVE BEEN INVADED. *Paul v. Davis* 424 U.S. 693, 697 (1976).

I HAVE WRITTEN TO MY SENTENCING JUDGE C. WOODWARD AT THE SAN FRANCISCO CIRCUIT COURT IN FEBUARAY 2007 WITH NO RESPONCE AS OF THIS DATE. HERE IS THE LEGAL SITUATION:

THE EIGHTH AMENDMENT; THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT HAVE BEEN OMMITTED UNCONSTITUTIONALLY FROM MY SENTENCING STRUCTURE BY THE CALIFORNIA DEPARTMENT OF CORRECTIONS.

I WAS ARRESTED ON OCTOBER 29TH, 2005 IN THE CITY OF SAN FRANCISCO FOR THREE (3) COUNTS OF ROBBERY 212. AFTER A 13 MONTH STAY IN THE SAN FRANCISCO COUNTY JAIL, A PLEA BARGAIN AGREEMENT WAS SET FOR 3YRS... 4YRS... 1YR CONSECUTIVE SENTENCES ON OCTOBER 28TH, 2006. I WAS THEN PLACED ON A PRISON BUS ON NOVEMBER 8TH, 2006 HEADED FOR SAN QUENTIN STATE PRISON.

(2)

ROBBERY 212. CARRIES THE TERMS OF; 2yr, 3yr, 5yr.
I HAVE ... 3yr ......... 4yr ......... 1yr .....

{ MID-TERM ROBBERY 212.    { 1yr ENHANCEMENT ADDED TO 3yr, MID TERM.    { EXTRA 1yr ENHANCEMENT

ALL TO RUN CONSECUTIVE OF EACH OTHER;

I WAS INSTRUCTED BY SENTENCING JUDGE WOODWARD THAT I WAS TO SERVE EACH CONSECUTIVE SENTENCE ONE RIGHT AFTER THE OTHER IN A CONSECUTIVE ORDER: 3yr, THEN 4yr, THEN THE REMAINING 1yr AS THE LAST SENTENCE TO BE COMPLETED ... PLUS I WAS GIVEN TWO STRIKES AS WELL.

I HAVE 417 DAYS COUNTY JAIL CREDIT TIME.

THE CALIFORNIA DEPARTMENT OF CORRECTIONS TOOK MY THREE (3) CONSECUTIVE SENTENCES AND CONVERTED THEM ALL TOGETHER INTO ONE (1) EIGHT YEAR TERM WITH 85 PERCENT OF THE 8yrs TO BE COMPLETED BEFORE PAROLE. MY PAROLE DATE IS SET FOR AUGUST 27TH, 2012.

THIS WAS NOT THE ORIGINAL SENTENCE STRUCTURE THAT WAS HANDED DOWN TO ME AS MY PLEA BARGAIN AGREEMENT. CONSECUTIVE MEANS CONSECUTIVE. I HAVE NEVER HEARD OF A "COLLECTIVE SENTENCE." THIS IS NOT THE SENTENCE I WAS GIVEN ...

( 3 )

Given the benefit of the doubt to the California Department of Corrections. The "collective stacking" together of three (3) consecutive sentences at an 85 percent serving term is still an incorrect prison term. Inside of the network structure of this allege "collective" 8yr term; two (2) of the 8yrs are "enhancements," which do not fall under the 85 percent category for a violent crime. The two 1yr enhancement sentences are under the 1/2 time sentencing guidelines, not 85 percent per-enhancement...

Still, according to the California Department of Corrections, I am serving an 8yr term with two (2) strikes on just one term with a double enhancement added at 85 percent. My first consecutive 3yr term is completed, and I should "now" be into my second 4yr consecutive term. I have been told over a year ago that the sentencing court has to correct this sentencing error. But the California Department of Corrections are the ones who re-structured my three consecutive terms... not the sentencing court.

(4)

THEN AGAIN, LEGALLY I SHOULD HAVE NEVER SET FOOT INTO A CALIFORNIA STATE PRISON DUE TO THE SENTENCING GUIDELINES CONCERNING STATE LAW FOR CONSECUTIVE SENTENCING: "A CONSECUTIVE SENTENCE CARRIES 1/3 OF THE MID-TERM OF THAT CHARGE." THAT IS STATE LAW. THE MID-TERM FOR ROBBERY 212. IS 3 YEARS. ACCORDING TO STATE LAW I SHOULD HAVE ONLY BEEN GIVEN THREE (3) 1yr TERMS: WITH A TOTAL AMOUNT OF 417 DAYS COUNTY JAIL TIME FOR EACH COUNT, THAT WOULD EQUAL TIME SERVED.

I AM NOT SERVING THE SENTENCE THAT I WAS GIVEN. I AM BEING HELD ILLEGALLY, INSIDE THIS CALIFORNIA STATE PRISON. TWO STRIKES UNDER ONE ALLEGED 8yr SENTENCE WOULD EASILY SUGGEST DOUBLE JEOPARDY IN ANY OR ALL OF THE OTHER 49 STATES. A DOUBLE 1yr ENHANCEMENT, PLUS A DOUBLE STRIKE ON A SINGLE 8yr' SENTENCE IS TOTALLY ILLEGAL...

NOT TO MENTION THAT I AM BEING FORCED TO REMAIN AT A LEVEL III STATE PRISON, WITH A LEVEL II PRISON PLACEMENT SCORE...

(5)

Your Honor Sir, Please allow the court to assign an attorney of law to represent me in the matter of being held illegally and unconstitutionally against my will under a re-structured collective non-consecutive illegal sentence.

I am without funds to afford an attorney. I know that the constitution of the United States will not allow an illegal prison sentence to run its full course.

I request a monetary damage to be set in relief of: one million dollars per year of illegal inconceration.

Thank You Your Honor!

Lawrence E. Dash
F-49769

(6)

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*April 5, 2007*

***DASH, F49769***
*B2SAT200000013L*

Log Number: FSP-O-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***The action you are seeking is under the jurisdiction of the sentencing court. Any error in sentencing or presentence credits must be pursued through the sentencing court.***

***This action you are seeking is under the jurisdiction of the sentencing court. Any error in sentencing or presentence credits must be pursued through the sentencing court.***

J. Casey OT
for T. E. Hudgins, CCII
Appeals Coordinator
FOLSOM STATE PRISON

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: DASH, L    NUMBER: F-49764    ASSIGNMENT: NONE    UNIT/ROOM NUMBER: B2-A2-13

A. Describe Problem: I HAVE TWO ILLEGAL SENTENCES, ONE FOR 3 YEARS, THE OTHER FOR 4 YEARS. BOTH CONSECUTIVE SENTENCES FOR TWO COUNTS OF ROBBERY 212. WHICH CARRIES 2-3-5 A CONSECUTIVE SENTENCE CARRIES 1/3 OF THE MID TERM.

If you need more space, attach one additional sheet.

B. Action Requested: BE SENT BACK TO COURT FOR A SENTENCING CORRECTION, OR PLACED ON PAROLE.

Inmate/Parolee Signature: _____    Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number
Board of Control form BC-1E, Inmate Claim

FSP APPEALS
APR 5 2007

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIFORNIA STATE PRISON FOLSOM
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: OCT. 01, 2007 THRU JAN. 11, 2008

ACCOUNT NUMBER  : F49769                        BED/CELL NUMBER: B2SAT200000027U
ACCOUNT NAME    : DASH, LAWRENCE                ACCOUNT TYPE: I
PRIVILEGE GROUP: A

TRUST ACCOUNT ACTIVITY

<< NO ACCOUNT ACTIVITY FOR THIS PERIOD >>

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

CURRENT
AVAILABLE
BALANCE
-----------
0.00

Folsom State Prison
P.O. Box 715071
Represa, CA 95671

NAME: Lawrence E. Dash
CDCR#: F-49769   Bldg/Bed: B2 - A2 - 29

STATE PRISON
GENERATED MAIL

RECEIVED
FEB 12 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FSP41-0077

ADDRESS TO:
P.O. BOX 715071 Letter, Photos, Stamps only.
P.O. BOX 1790 Money Orders only.
P.O. BOX 950 Legal Mail only.

PRISON GENERATED MAIL
FOLSOM STATE PRISON
PO BOX 715071
REPRESA, CA 95671

Honorable Vaughn R. Walker
United States District Chief Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, California
(94102).

UNITED STATES POSTAGE
PITNEY BOWES
02 1M
0004219402
$ 00.58°
JAN 29 2008
MAILED FROM ZIP CODE 95672